## GEORGE GRANTZ v. W. G. PRICE ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 31, 1889—Decided November 11, 1889.

1. Where portions of a charge, assigned for error, are mere statements by the court of a party's allegations; or, where specifications of error are general in character and relate to alleged errors of omission to charge, no sufficient cause for reversal is presented.
2. The court below will not be reversed for "not reviewing and analyzing the evidence;" nor for "not instructing the jury sufficiently as to the rules for weighing the value of testimony." More specific instructions are obtainable in the usual way.
3. In an action for a private nuisance in the operation of a lead-works, the burden of proof is upon the plaintiff to show that the injuries complained of resulted from the operation of the works, but the jury need not find that such operation is a public nuisance: Price v. Grantz, 118 Pa. 402.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 144 October Term 1889, Sup. Ct.; court below, No. 276 April Term 1885, C. P. No. 2.

On February 27, 1885, an action in case for maintaining a nuisance was brought by George Grantz against W. G. Price and Mary Lane, partners as William G. Price & Co., the Berlin Iron and Lead Co., and others. Issue.

The case was first tried on March 2, 1887, when a verdict was rendered for the plaintiff for $700. On a writ of error to the Supreme Court, the judgment entered on the verdict was reversed and a new venire awarded: Price v. Grantz, 118 Pa. 402. On the return of the record to the court below, the plaintiff filed an amended narr, setting out an alleged private nuisance and injuries therefrom.

At the second trial of the cause on February 13, 1889, the plaintiff's case was substantially the same as that upon the former trial, with the additional testimony of certain neighbors not called before, who testified that they had suffered illness in their families which they attributed to the vapors from the lead-works. The nature of the defence, upon the facts, was the same as upon the first trial.

At the close of the testimony, the court, Ewing, P. J., charged the jury:

Before you can find for the plaintiff in this case, you must not only be satisfied that the sickness of himself, his family and his tenants, was occasioned by lead or arsenic from these works, but also that they were in such appreciable quantities as would, under the same circumstances, have affected persons of ordinary susceptibility to the poison. I do not intend to review the testimony at length; it has been commented on very fully by counsel on both sides, and I shall not refer to it except by way of illustration.

First, has the plaintiff or his wife, his family or tenants been sick in that house? Next, have they been sick from lead or arsenic poisoning? If they have, it still does not follow that it was the fault of the defendants. Before you can find for the plaintiff you must not only be satisfied from the preponderance of testimony that the sickness existed, and that it was either lead or arsenic poisoning, but also from the testimony that it came from the defendants' lead works or shot tower, and that it was in such appreciable quantities that it would have affected persons of ordinary susceptibility under the same circumstances of situation, not of health; because I take it that in the case of a lawful trade, even if a person should, from some cause, have been reduced to such a physical condition as to be extraordinarily sensitive and to be affected by such a small quantity of lead or arsenic as would not affect a person in an ordinary condition, then the defendants cannot be held liable.

You will first determine the question as to the sickness of a number of these people. That is not in serious dispute. It is alleged that the wife, and I think one of the children, of Mr. Grantz had typhoid fever about 1881 or 1882, I have forgotten the precise date, but before this alleged lead poisoning. It

is alleged that some of the children had scarlet fever, and that a child of a tenant has since had diphtheria. [The plaintiff, his wife and tenants, allege that they had, almost continuously while there, symptoms which some of the physicians at least give as the symptoms of lead poisoning.] [1] There is a contrariety of opinion among the experts, both the physicians and the chemists who are not physicians, and perhaps chemists and physicians combined. You have heard their testimony; the court has admitted them to testify as experts, and you judge as to their credibility. The court has its own opinion as to which of them know most about the matters upon which they have testified, but it is not the province of the court to indicate that.

There is a good deal of testimony in regard to whether other people have been affected by it or not. [The plaintiff alleges that his whole family and his tenants were affected, and has given in evidence that some neighbors were. An old lady who at one time lived there and frequently visited there afterwards says that she was affected.] [2] The majority of witnesses, and nearly all those called by the defendants, workmen and people in the neighborhood, say that they were not affected. The question as to whether or not they were affected, is simply one of persuasive evidence in this case. That others in the neighborhood were affected in the same general way, is evidence tending to show that there was some poisonous matter there or near there, which would affect ordinary people in ordinary circumstances, situated as they were. The testimony of others who were there also and not affected injuriously is persuasive evidence that it would not affect ordinary people in the same situation. . . . .

The defendants request the court to charge the jury [inter alia]:

2. The burden of proof is upon the plaintiff to show (1) that the defendants were guilty of maintaining a nuisance in the operating of the shot tower or lead works; and (2), that as a result from such operation he suffered injury; and a failure on the plaintiff's part to prove both of such propositions to the satisfaction of the jury would prevent a recovery.

Answer: The second point is affirmed, but it is not necessary

that the jury should find the operation of defendants' works to be a public nuisance. [5]

The jury returned a verdict in favor of the plaintiff for $700. A rule for a new trial having been discharged, the defendants took this appeal, specifying that the court erred:

1. In charging the jury as embraced in [ ] [1]

2. In directing the jury's attention specially to the evidence of Mrs. Kaiser, and in commenting thereon as in [ ] [2]

3. In not reviewing and analyzing the evidence in this case, and in not instructing the jury sufficiently as to the rules for weighing the value of testimony.

4. In directing the jury's attention more to the evidence given for the plaintiff than to that for the defendants.

5. In qualifying the answer to defendants' point. [5]

*Mr. William S. Pier* (with him *Mr. D. T. Watson*), for the appellants.

Counsel cited: Jackson v. Payne, 114 Pa. 81.

*Mr. W. D. Moore* (with him *Mr. F. C. McGirr* and *Mr. L. C. Barton*), for the appellee.

PER CURIAM:

We discover no error in the first five specifications. They all refer to the charge of the court and the answers to points. The portions of the charge, embraced in the first and second assignments, are a mere statement by the court of the plaintiff's allegations. The third and fourth assignments are general in their character, and relate in the main to alleged errors of omission. We cannot reverse the court below for "not reviewing and analyzing the evidence," and for "not instructing the jury sufficiently as to the rules for weighing the value of testimony." If more specific instructions were desired, they could have been obtained by asking for them in the usual way. The qualification of defendants' second point was justified by the ruling of this court when the case was here before. See Price v. Grantz, 118 Pa. 402. The matter complained of in the sixth assignment was not excepted to below, and for this reason will not be discussed. Nothing, therefore, is to be implied from our silence.

Judgment affirmed.